IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

**CASE NO.:**

FEDERAL SIGNAL CORPORATION and )
VACTOR MANUFACTURING, INC., )
)
      Plaintiffs, )
)
vs. )
)
PROLINE VACTOR SERVICES, INC., )
)
      Defendant. )
                                 /

**COMPLAINT**

Plaintiffs Federal Signal Corporation and Vactor Manufacturing, Inc. ("Plaintiffs") through its undersigned counsel, sues the Defendant Proline Vactor Services, Inc. ("Defendant"), and in support thereof states:

**THE PARTIES**

1. Federal Signal Corporation ("Federal Signal") is a Delaware corporation, having its principal place of business at 1415 West 22nd St., Oak Brook, Illinois 60523.

2. Vactor Manufacturing, Inc. ("Vactor Manufacturing") is an Illinois corporation, having its principal place of business at 1621 S. Illinois Street, Streator, IL 61364. Since 1994, Vactor Manufacturing has been a wholly owned subsidiary of Federal Signal.

3. Upon information and belief, Defendant Proline Vactor Services, Inc. is a Florida corporation, having its principal place of business at 3100 Fairlane Farms Road, Wellington, Florida 33414.

## JURISDICTION AND VENUE

4.  This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., deceptive trade practices arising under the Fla. Stat. §§ 501.201 et seq., and common law trademark infringement and unfair competition. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

5.  This Court has personal jurisdiction over Defendant because Defendant resides in, and does business in, this judicial district and the conduct of Defendant complained of in this Complaint occurred in this judicial district.

6.  Venue is proper in this district under 28 U.S.C. § 1391. Upon information and belief, Defendant has marketed its goods and services and solicited customers throughout the United States, including the Southern District of Florida.

## PLAINTIFFS' USE OF THE VACTOR MARK

7.  Founded in 1901, Federal Signal is a well-known designer and manufacturer of products and service solutions for municipal, governmental, industrial and institutional customers. These products and services include designing and building environmental cleaning products, including sewer cleaners, vacuum cleaners and excavation machines. Federal Signal's products are sold and distributed worldwide, and in Florida.

8.  Vactor Manufacturing, Inc. is a wholly owned subsidiary of Federal Signal. Vactor Manufacturing's VACTOR branded products are sold and distributed throughout the United States, and in Florida.

The History of the VACTOR Trademark and Vacuum Cleaning Machines

9. The business that is today known as "Vactor Manufacturing" was founded in 1911 under the "Myers-Sherman" name. Historically, Vactor Manufacturing's predecessor-in-interest designed and manufactured agricultural products such as milking machines, hammer millers, feed blenders and mixers, total grain storage and conveying systems.

10. In the early 1960s, using its expertise in pneumatics, the company began to design, patent and manufacture a line of sewer and catch basin cleaners for the municipal public works market. These vacuum machines, mounted on large utility trucks, were designed to remove obstructions from clogged or plugged sewer lines, culverts and catch basins.

11. Vactor Manufacturing's predecessor-in-interest began using the VACTOR mark in connection with commercial and industrial vacuum tanks mounted on truck bodies on or around August 8, 1963. These machines removed debris via vacuums powered by motor driven exhaust fan pumps.

12. In 1969, Vactor Manufacturing's predecessor-in-interest introduced the first combination sewer cleaner to combine water jetting and vacuuming action, which resulted in a fast and thorough cleaning job for environmental cleaning needs. These machines were branded with the VACTOR mark.

13. Thereafter, Vactor Manufacturing's predecessor-in-interest continued to improve its VACTOR vacuum cleaning machines.

Vactor Manufacturing's Use of the VACTOR Mark

14. Federal Signal acquired Vactor Manufacturing's predecessor-in-interest in 1994, including all of its stock, assets and goodwill associated with the VACTOR name and related business. At that time, the company was renamed "Vactor Manufacturing, Inc." The VACTOR mark was continually used before, during and after the acquisition.

15. Today, Plaintiffs sell and advertise VACTOR branded vacuum cleaning machines and trucks to consumers interested in removing debris, including for environmental cleanup projects, via numerous trade channels. Plaintiffs' VACTOR branded vacuum cleaning machines and trucks have received an enormous amount of popularity and media attention throughout the United States.

The VACTOR Trademark Registration

16. Vactor Manufacturing is the registered owner of U.S. Trademark Reg. No. 0,824,390 for the mark VACTOR. Attached to this Complaint as Exhibit A is a true and correct copy of a TARR report of Reg. No. 0,824,390 from the United States Patent and Trademark Office ("PTO") website www.uspto.gov. The VACTOR mark has been used in interstate commerce in connection with "commercial and industrial vacuum tanks associated with motor drive exhaust fan pumps mounted on motor truck bodies to remove debris such as trash, wood chips, loose dirt, sand, litter and sludge," in International Class 23, since at least as early as August 8, 1963.

17. The trademark application that became Reg. No. 0.824,390 was filed over forty-five (45) years ago on January 30, 1964 and received a registration on February 21, 1967.

18. The VACTOR mark is registered on the Principal Register, and at all pertinent times was and is a valid mark. The registration is prima facie evidence of the validity of the foregoing, Plaintiffs' nationwide priority, and Plaintiffs' exclusive right to use and license the mark in commerce. In addition, Reg. No. 0,824,390 is incontestable pursuant to 15 U.S.C. § 1065, and is therefore conclusive evidence of the validity of the registered mark and of the registration of the mark, of Plaintiffs' ownership of the mark, and of Plaintiffs' exclusive right to use the registered mark in commerce. 15 U.S.C. § 1115.

The Renown of the VACTOR Trademark

19.     Because of the extensive use of the VACTOR mark in connection with vacuum cleaning machines and vehicles, the VACTOR mark has acquired considerable value and has become well known among the consuming public and the trade as identifying and distinguishing the exclusive source of Plaintiffs' vacuum cleaning machines and vehicles.

20.     Plaintiffs have invested a significant amount of money to promote its VACTOR vacuum cleaning machines and vehicles.  As a result, purchasers and users of vacuum cleaning machines and vehicles across the United States are aware of the VACTOR mark.

21.     Plaintiffs' VACTOR mark is distinctive for Plaintiffs' vacuum cleaning machines and vehicles, and was prior to the time Defendant began using the mark VACTOR in connection with vacuum cleaning services and related equipment.

22.     Plaintiffs' VACTOR mark is recognized and relied upon as identifying Plaintiffs as the sole source of VACTOR vacuum cleaning machines and vehicles, and as distinguishing Plaintiffs' vacuum cleaning machines and vehicles from the products of others.  As a result, Plaintiffs' VACTOR mark has acquired substantial goodwill and is an extremely valuable commercial asset.

## UNLAWFUL CONDUCT BY DEFENDANT

Defendant's Business and Use of the VACTOR Mark

23.     Upon information and belief, Defendant, incorporated on June 12, 1998, provides professional sewer and storm drain cleaning, telespection, certification, re-certification and grouting services to contractors, developers, homeowner associations and municipal, commercial and industrial clients.  Upon information and belief, these services and goods include vacuum cleaning services and related equipment, including trucks.

5

24. Upon information and belief, Defendant uses the VACTOR mark as part of its business name, Proline Vactor Services, and as part of its domain name, www.proline-vactor.com.

25. Upon information and belief, Defendant also uses the VACTOR mark as a trademark to designate its vacuum cleaning services and related goods, such as trucks. For example, Defendant's website states:

> Our Vactor Trucks offer a variety of techniques to clean new or old drainage pipes, catch basins, manholes, lake interconnects, utility locations, industrial plant cleaning, drainage ditch dredging, and the latest in hydroexcavation.

(Exhibit B.)

26. Defendant also improperly uses Plaintiffs'' VACTOR brand as a verb and descriptor to classify its service offerings. This generic use of Plaintiffs' VACTOR mark violates Plaintiffs' right to use its VACTOR brand as a designation of Plaintiffs' goods and services.

Defendant's Knowledge of Plaintiffs' VACTOR Mark

27. Defendant had constructive notice of Plaintiffs' trademark rights in its VACTOR trademark because Plaintiffs' Reg. No. 0,824,390 was granted on February 21, 1967, over thirty (30) years before Defendant's incorporation on June 12, 1998.

28. Upon information and belief, despite this constructive knowledge, Defendant began advertising, promoting, selling and offering vacuum cleaning services and related equipment using the identical term, "VACTOR," in 1998. Defendant also chose to operate under a business name that included the VACTOR brand.

29. Upon information and belief, Defendant had actual knowledge of Plaintiffs' ownership of the VACTOR trademark shortly after incorporation in 1998. Upon information

6

and belief, less than five (5) months after incorporation, Defendant purchased a VACTOR branded vacuum machine and truck from Vactor Manufacturing in November of 1998. Upon information and belief, this purchase was financed by Federal Signal Leasing, which at the time was a subsidiary of Federal Signal.

30. Upon information and belief, Defendant purchased other VACTOR branded trucks and equipment from Vactor Manufacturing between 1998 and 2004.

Plaintiffs' Objection to Defendant's Infringing Use of the VACTOR Mark

31. Plaintiffs' trademark counsel learned of Defendant's infringing activity in January of 2011.

32. Upon learning of Defendant's use of the VACTOR trademark as a trade name and trademark and domain name, Plaintiffs immediately acted. Plaintiffs sent a cease and desist letter to Defendant on January 7, 2011, stating that Plaintiffs have superior rights in the VACTOR mark and that Defendant's use of the VACTOR mark was likely to cause confusion.

33. Defendant responded to this letter on January 20, 2011, and refused to abandon use of Plaintiffs' trademark. Upon information and belief, to date, Defendant has not ceased use of the VACTOR mark in connection with its vacuum cleaning services and related equipment.

34. Upon information and belief, despite Defendant's knowledge regarding Plaintiffs' prior and superior rights in its mark VACTOR and without the authorization of Plaintiffs, Defendant continues to offer vacuum cleaning services and use vacuum cleaning machines and vehicles branded with the VACTOR mark and trade name.

35. Upon information and belief, Defendant is aware of the vast and valuable goodwill and reputation represented and symbolized by Plaintiffs' VACTOR mark. Upon information and belief, Defendant is also aware that Plaintiffs' customers and potential

18493958v1 NEWFILE NEWFILE

customers rely upon Plaintiffs' VACTOR mark as distinguishing Plaintiffs' products from the products of others.

Likelihood of Consumer Confusion

36. Defendant's continued use of VACTOR mark to designate Defendant's vacuum cleaning services and related equipment is likely to diminish the goodwill associated with Plaintiffs' VACTOR mark.

37. Upon information and belief, Defendant's vacuum cleaning services and related equipment branded with the VACTOR mark are offered and/or promoted in the same channels of trade as Plaintiffs' VACTOR vacuum cleaning machines and vehicles.

38. The parties' customers overlap. Upon information and belief, Defendant offers their vacuum cleaning services and related branded equipment to customers seeking environmental cleanup equipment or industrial or commercial vacuum cleaning services. These same customers are likely to use Plaintiffs' VACTOR branded vacuum machines and related vehicles for these same cleanup projects.

39. The parties' goods and services overlap. The related nature of the parties' VACTOR branded goods and services is demonstrated by Defendant's purchase of Plaintiffs' VACTOR branded equipment to provide Defendant's services.

40. Upon information and belief, Defendant derives and will continue to derive substantial revenue from the sale of services and related goods offered under the VACTOR mark in interstate commerce, including Florida.

41. Defendant's activities are likely to cause forward and/or reverse confusion or mistake or to deceive consumers into believing that Defendant's unauthorized VACTOR vacuum cleaning services and related equipment are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Plaintiffs or that Plaintiffs' products offered

8

under the VACTOR mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Defendant, its services or related equipment.

42. Defendant's use of the VACTOR mark in connection with vacuum cleaning machines and vehicles has the potential to degrade consumer opinion about Plaintiffs' VACTOR mark and VACTOR branded products because the same mark will be used in connection with goods and services not controlled or licensed by Plaintiffs. As a result, Defendant is not constrained by Plaintiff's quality control standards associated with Plaintiffs' VACTOR vacuum cleaning machines and related vehicles. Consumers dissatisfied with Defendant's goods or services may then avoid Plaintiffs' VACTOR branded products, resulting in the disparagement of Plaintiffs' high quality vacuum cleaning machines and vehicles.

43. Upon information and belief, Defendant's continued use of the VACTOR mark is with full knowledge of Plaintiffs' prior ownership of the VACTOR mark and Plaintiffs' right to use and control the use of such mark.

44. Upon information and belief, Defendant has acted and continues to act without regard to Plaintiffs' property rights and goodwill.

45. Defendant's unauthorized use of VACTOR mark in association with vacuum cleaning services and related equipment has significantly injured Plaintiffs' interests and will continue to do so unless immediately enjoined. Specifically, upon information and belief, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Plaintiffs' VACTOR mark; (b) is likely to cause public confusion as to the source, sponsorship or affiliation of Defendant's services and products; (c) has damaged and threatens to further damage Plaintiffs' significant and valuable goodwill in its VACTOR mark; (d) has injured and threatens to further injure Plaintiffs' right to use its VACTOR mark as the exclusive indicia of origin of Plaintiffs' vacuum cleaning machines and vehicles in Florida and

9

throughout the United States; and (e) has lessened the capacity of Plaintiffs' VACTOR mark to indicate that VACTOR branded products are sponsored by Plaintiffs.

46. Upon information and belief, Defendant will continue to unlawfully use Plaintiffs' VACTOR mark to promote and provide its goods and services, unless enjoined by the Court.

47. Plaintiffs have no adequate remedy at law.

48. Plaintiffs seek injunctive and monetary relief with respect to Defendant's activities that are likely to mislead and confuse consumers about the source, sponsorship, and affiliation of VACTOR services and that trade upon the goodwill of Plaintiffs' VACTOR mark.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED MARK -15 U.S.C. § 1114(1)

49. Plaintiffs reallege and incorporate paragraphs 1 through 48 above as if fully stated herein.

50. Plaintiffs are the owner of the valid VACTOR mark, which is registered with the U.S. Patent & Trademark Office.

51. Defendant's use of the VACTOR mark is likely to cause confusion, mistake, or deception as to the source of origin of Defendant's vacuum cleaning services and related equipment in that customers and potential customers are likely to believe that the goods and services provided by Defendant under the VACTOR mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiffs or its VACTOR brand vacuum cleaning equipment and vehicles.

52. The likely confusion, mistake, or deception caused by Defendant is in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

18493958v1 NEWFILE NEWFILE

53. Defendant's acts were taken in willful, deliberate, and/or intentional disregard of Plaintiffs' rights.

54. As a direct result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

55. As a direct result of Defendant's actions and the likely confusion, mistake or deception, Plaintiffs' have suffered those damages that will be proven at trial.

56. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover all of Defendant's profits, Plaintiffs' lost profits and the costs of this action. The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Plaintiffs to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## FEDERAL UNFAIR COMPETITION-15 U.S.C. § 1125(a)

57. Plaintiffs reallege and incorporate paragraphs 1 through 48 above as if fully stated herein.

58. Plaintiffs' VACTOR mark is distinctive.

59. Defendant's vacuum cleaning services and related equipment offered under the VACTOR mark are being advertised and/or offered in interstate commerce, including Florida.

60. Defendant's use of the VACTOR mark is likely to cause confusion, mistake, or deception as to the source of origin of Defendant's vacuum cleaning services and related equipment in that customers and potential customers are likely to believe that the goods and services provided by Defendant under VACTOR mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiffs or its VACTOR brand vacuum cleaning equipment and vehicles.

18493958v1 NEWFILE NEWFILE

61. The likely confusion, mistake, or deception caused by Defendant is in violation of 15 U.S.C. § 1125(a).

62. Defendant's acts were taken in willful, deliberate, and/or intentional disregard of Plaintiffs' rights.

63. As a direct result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

64. As a direct result of Defendant's actions and the likely confusion, mistake or deception, Plaintiffs' have suffered those damages that will be proven at trial.

65. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover the costs of this action. The nature of Defendant's unlawful acts renders this an "exceptional case," entitling Plaintiffs to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III
## DECEPTIVE AND UNFAIR TRADE PRACTICES – FLA. STAT. 501.201

66. Plaintiffs reallege and incorporate paragraphs 1 through 48 above as if fully stated herein.

67. Defendant has violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. arising from Defendant's use of Plaintiffs' VACTOR trademark.

68. Defendant's use of the VACTOR mark is likely to cause confusion, mistake, or deception as to the source of origin of Defendant's vacuum cleaning services and related equipment in that customers and potential customers are likely to believe that the vacuum cleaning machines and vehicles provided by Defendant under the VACTOR mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiffs or its VACTOR brand vacuum cleaning equipment and vehicles.

12

69. Defendant's acts were taken in willful, deliberate, and/or intentional disregard of Plaintiffs' rights.

70. As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

71. Plaintiffs reallege and incorporate paragraphs 1 through 48 above as if fully stated herein.

72. Plaintiffs' VACTOR mark is distinctive.

73. Defendant's use of the VACTOR mark is likely to cause confusion, mistake, or deception as to the source of origin of Defendant's vacuum cleaning services and related equipment in that customers and potential customers are likely to believe that the goods and services provided by Defendant under VACTOR designation are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiffs or its VACTOR brand vacuum cleaning equipment and vehicles.

74. Defendant's acts constitute trademark infringement under the common law.

75. Defendant's acts were taken in willful, deliberate, and/or intentional disregard of Plaintiffs' rights.

76. As a direct result of Defendant's actions and the likely confusion, mistake or deception, Plaintiffs' have suffered those damages that will be proven at trial.

77. Plaintiffs have suffered irreparable harm, for which they have no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendant's infringing acts are enjoined by this Court.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

78. Plaintiffs reallege and incorporate paragraphs 1 through 48 above as if fully stated herein.

79. Defendant's conduct constitutes unfair competition in violation of the rights of Plaintiffs.

80. Defendant's acts were taken in willful, deliberate and/or intentional disregard of Plaintiffs' rights.

81. As a direct and proximate result of the unfair competition of Defendant, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

82. Plaintiffs respectfully request a jury trial for this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendant as follows:

A. Permanently enjoining and restraining Defendant and their respective partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant from:

1. Using the VACTOR mark on or in connection with the production, importation, manufacture, advertisement, promotion, display (including on the Internet) or otherwise, displaying for sale, offering for sale, sale, or distributing any product or service for any purposes whatsoever;

2. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Defendant's products originate with or are the products of

Plaintiffs or that there is any affiliation or connection between Plaintiffs and their products and Defendant and his products, and from otherwise competing unfairly with Plaintiffs;

B.  Directing that Defendant, at its own expense, recall all the marketing, promotional and advertising materials and edit any websites that bear or incorporate any mark or design with VACTOR not in conformance with Section A(1) of Plaintiffs' Prayer For Relief, or any mark confusingly similar to Plaintiffs' VACTOR mark;

C.  For an Order requiring Defendant to transfer ownership of the domain name proline-vactor.com to Plaintiffs;

D.  Directing that Defendant deliver to Plaintiffs' attorneys or representatives for destruction all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the non-conforming VACTOR mark or any simulation, reproduction, copy or colorable imitation of Plaintiffs' VACTOR mark, and all films, discs, plates, molds, matrices, and any other means of making the same.

E.  Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product promoted or provided by Defendant is authorized by Plaintiffs or related in any way to Plaintiffs' products.

F.  Directing Defendant to file with this Court and to serve upon Plaintiffs within thirty (30) days after service upon Defendant of an injunction in this action, a written report by Defendant, under oath, setting forth in detail the manner in which Defendant complied with the injunction.

G.  Awarding Plaintiffs as damages Defendant's profits from his vacuum cleaning services and related equipment while using the VACTOR designation and/or Plaintiffs' lost profits.

15

H.  For all damages available under federal or state common law or statute, including but not limited to actual and exemplary damages.

I.  Awarding Plaintiffs its damages by reason of Defendant's actions of common law trademark infringement in an amount to be established at trial.

J.  Awarding Plaintiffs reasonable attorneys' fees and the costs of this action.

K.  Awarding Plaintiffs such further relief as this Court deems just and proper.

Respectfully submitted,

**HINSHAW & CULBERTSON**

By:  /s/ Cheryl L. Wilke
Cheryl L. Wilke
Florida Bar No. 0893780
One East Broward Blvd., Suite 1010
Fort Lauderdale, Florida 33301
Telephone:  (954) 467-7900
Facsimile:  (954) 467-1024
E-Mail:  cwilke@hinshawlaw.com
*Attorneys for Plaintiffs Federal Signal Corporation and Vactor Manufacturing, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2011, I electronically filed the foregoing **Complaint** with the Clerk of the Court by using the CM/ECF system.

By:  /s/ Cheryl L. Wilke
Cheryl L. Wilke